## ACME FOOD COMPANY, Respondent, v. JOSEPH BARBER, Appellant.

### Kansas City Court of Appeals, May 31, 1909.

**CONTRACTS: Non Est Factum: Burden of Proof: Evidence.**
Where the answer is *non est factum* and on the trial defendant admits the genuineness of his signature to the contract and insists that the blanks in the contract are not filled according to the understanding between the parties, the burden is cast upon him to make out such defense; and an instruction to the contrary is condemned. *Held*, further, the evidence was sufficient to send the case to the jury.

Appeal from Buchanan Circuit Court. —*Hon. Chesley A. Mosman*, Judge.

AFFIRMED.

*Rusk & Stringfellow* for appellant.

(1) Instruction number 3 was correct. (2) Even if instruction number 3 were erroneous, defendant's verdict should stand, because plaintiff made no case to go to the jury. Lomax v. Railroad, 119 Mo. App. 200, and cases cited; Meyer v. Pritchett, 178 Mo. 160; Smith v. Atchison Railroad Co., 122 Mo. App. 87; Parker v. Britton, 133 Mo. App. 270.

*C. W. Meyer* and *W. H. Sherman* for respondent.

(1) Plaintiff was entitled to go to the jury. Weber v. Cable Co., 100 Mo. 206; McFarland v. Bellows, 49 Mo. 211; Baum v. Fryreal, 85 Mo. 151. (2) Instruction number 3 for defendant was incorrect. Manufacturing Co. v. Hudson, 113 Mo. App. 350. (3) Instruction number 2 for the plaintiff as modified by the court was incorrect. Overton v. White, 117 Mo. App. 602-7; Dowzelot v. Rawlings, 58 Mo. 77. (4) Incompetent evidence was admitted on behalf of defendant. (5) The verdict was against the evidence.

Acme Food Co. v. Barber.

JOHNSON, J.—In this case, the cause of action pleaded is founded on a negotiable promissory note of $130, executed and delivered by defendant, February 11, 1903, and due one hundred days after date. The execution of this note is denied under oath in the answer and defendant alleges new matter as an affirmative defense, the nature of which will appear in the statement of the evidence. The trial of the issues to a jury resulted in a verdict for defendant, but on the hearing of the motion for a new trial filed by plaintiff, the court set aside the verdict and granted a new trial on the ground of error in the third instruction given at the request of defendant. An appeal was taken by defendant from the order granting a new trial.

Defendant, called as a witness by plaintiff, admitted that a paper exhibited to him by plaintiff bore his signature. The paper was dated February 11, 1903, and its contents were, first, an itemized order by defendant to plaintiff for various kinds of stock food manufactured and sold by plaintiff, of a total value of $130, and of the total weight of two thousand pounds, at six and one-half cents per pound; second, a promissory note, negotiable in form, by the terms of which defendant promised to pay $130, to the order of plaintiff, one hundred days after the date of the contract; third, the signature of defendant, and, fourth, a guaranty of the food, signed by plaintiff.

The body of the contract thus expressed was in printing. The blank spaces for matters peculiar to the individual contract were filled in writing. These particular matters consisted of the date of the instrument, the name and address of the vendee, the time and place of delivery, the quantities and total amount of the order and the date of maturity and amount of the note. The place of delivery stated was "f. o. b. cars Chicago, Ill.," and the time, "1000 pounds to be shipped at once, balance on or before ninety days from date." "Subject to approval of Company" was written across the face of the

order. The evidence of plaintiff is to the effect that when the contract was received at its office in Chicago, it was complete, was not changed thereafter, and that the goods were delivered f. o. b. cars at Chicago, consigned to defendant at St. Joseph, the destination stated in the contract.

The evidence of defendant tends to prove the following facts: A traveling salesman for plaintiff called on defendant at St. Joseph and tried to sell him stock food at eight cents per pound. Defendant refused to buy at that price and offered six and one-half cents per pound for one thousand pounds for immediate shipment and agreed that if he disposed of the shipment in a reasonable time, he would give an additional order for one thousand pounds at the same price. Place of delivery to be f. o. b. cars at St. Joseph, and a quantity of free advertising matter to be sent with the shipment. The agent accepted this offer, subject to the approval of plaintiff, and agreed to advise defendant as soon as he could communicate with plaintiff of the acceptance or rejection of the order. The agent then had defendant sign his name to a blank form of contract with the understanding that the agent would fill the blank spaces in the order and note to conform to the terms of their oral agreement, provided his principal decided to accept the order at the price stated. Defendant claims that the goods were not shipped, or at any rate, did not arrive in St. Joseph. It is the contention of defendant that the parts of the instrument afterwards written by the agent varied from the actual agreement of the parties in these respects: viz., the place of delivery was changed from St. Joseph to Chicago, the quantity or total amount of the purchase was doubled, as was also the amount of the note. Other facts are in evidence, but those stated suffice for present purposes.

The third instruction given at the request of defendant is as follows: "The court instructs the jury that *the burden rests on plaintiff to prove by the greater*

*weight of the evidence, to your reasonable satisfaction, that defendant Barber authorized the contract to be filled in over his signature in the terms which now appear on said contract.* And unless the jury believe that the terms which now appear on the contract sued on were the terms authorized by Barber, they will find for defendant Barber. And even if the jury should believe that the order sued on was authorized by defendant Barber, still your verdict must be for defendant Barber unless you further believe that the order was filled and the goods delivered, as provided in the contract agreed on. And the burden of proving this fact also rests on plaintiff Acme Food Company."

Defendant argues that the question of whether this instruction is erroneous is unimportant and afforded no ground for the action of the trial court in granting a new trial, for the reason that the court should have given the peremptory instruction asked by defendant, at the close of the evidence. Our answer to this argument will serve also to show that the italicized part of the third instruction contains prejudicial error against plaintiff which justified the ruling that a new trial be granted. The verified defense in the answer of *non est factum* cast the burden on plaintiff of proving the execution by defendant of the instrument on which he based his cause of action. But when plaintiff extracted the admission from defendant that he signed the instrument, a *prima facie* effect thereby was given the instrument which entitled it to admission in evidence and threw the burden of proof on defendant to show by evidence that its contents did not express the real contract made by the parties and that the variance was the result of the fraudulent conduct of defendant's agent, alleged in the answer. [Manufacturing Co. v. Hudson, 113 Mo. App. 344.] Defendant adduced evidence to support his position, but the only effect of that evidence was to raise an issue of fact for the jury to determine. Manifestly, the court was right in sending the case to the jury, but erred

in giving the third instruction, the italicized part of which placed a burden on plaintiff that rightly belonged to defendant.

We find no other error in the record, but for that noted, the action of the court in granting a new trial must be sustained. The judgment is affirmed. All concur.